IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

MARKITH WILLIAMS,        )
                         )
        Plaintiff,       )
                         )
    v.                   )    No. 06 C 6065
                         )
DAVID CANO,              )
                         )
        Defendant.       )

## OPINION AND ORDER

Plaintiff Markith Williams alleges that defendant David Cano, a Chicago police officer, violated the federal Constitution by using excessive force when pulling plaintiff from a van he was driving.[1] The incident in question occurred around 11:30 p.m on March 5, 2007 in the middle of a street intersection on the west side of Chicago. Plaintiff claims that defendant used unnecessary force to pull him from his vehicle, causing plaintiff to hit his head on the doorframe. This caused plaintiff's head to bleed and plaintiff felt like he might pass out. Presently pending is defendant's motion for summary judgment.

---

[1] Plaintiff's state law battery claim was previously dismissed as untimely. See Order dated Jan. 17, 2008 [Docket Entry 18].

On a motion for summary judgment, the entire record is considered with all reasonable inferences drawn in favor of the nonmovant and all factual disputes resolved in favor of the nonmovant. Scott v. Harris, 127 S. Ct. 1769, 1774, 1776 (2007); Scaife v. Cook County, 446 F.3d 735, 738-39 (7th Cir. 2006). The burden of establishing a lack of any genuine issue of material fact rests on the movant. Creditor's Comm. of Jumer's Castle Lodge, Inc. v. Jumer, 472 F.3d 943, 946 (7th Cir. 2007); Outlaw v. Newkirk, 259 F.3d 833, 837 (7th Cir. 2001). The nonmovant, however, must make a showing sufficient to establish any essential element for which he will bear the burden of proof at trial. Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986); Jumer, 472 F.3d at 946; Cady v. Sheahan, 467 F.3d 1057, 1061 (7th Cir. 2006), cert. denied, 127 S. Ct. 2947 (2007). The movant need not provide affidavits or deposition testimony showing the nonexistence of such essential elements. Celotex, 477 U.S. at 324. Also, it is not sufficient to show evidence of purportedly disputed facts if those facts are not plausible in light of the entire record. See Yasak v. Retirement Bd. of Policemen's Annuity & Benefit Fund of Chicago, 357 F.3d 677, 679 (7th Cir. 2004); NLFC, Inc. v. Devcom Mid-America, Inc., 45 F.3d 231, 236 (7th Cir. 1995); Covalt v. Carey Canada, Inc., 950 F.2d 481, 485 (7th Cir. 1991); Collins v. Associated Pathologists,

Ltd., 844 F.2d 473, 476-77 (7th Cir. 1988); Shyman v. UNUM Life Ins. Co. of America, 2004 WL 609280 *2 (N.D. Ill. March 25, 2004), aff'd, 427 F.3d 452 (7th Cir. 2005). As the Seventh Circuit has summarized:

> The party moving for summary judgment carries the initial burden of production to identify "those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact." Logan v. Commercial Union Ins. Co., 96 F.3d 971, 978 (7th Cir. 1996) (citing Celotex Corp. v. Catrett, 477 U.S. 317, 323, 106 S. Ct. 2548, 91 L. Ed. 2d 265 (1986) (citation and internal quotation omitted)). The moving party may discharge this burden by "'showing'--that is, pointing out to the district court--that there is an absence of evidence to support the nonmoving party's case." Celotex, 477 U.S. at 325, 106 S. Ct. 2548. Once the moving party satisfies this burden, the nonmovant must "set forth specific facts showing that there is a genuine issue for trial." Fed. R. Civ. P. 56(e). "The nonmovant must do more, however, than demonstrate some factual disagreement between the parties; the issue must be 'material.'" Logan, 96 F.3d at 978. "Irrelevant or unnecessary facts do not preclude summary judgment even when they are in dispute." Id. (citation omitted). In determining whether the nonmovant has identified a "material" issue of fact for trial, we are guided by the applicable substantive law; "[o]nly disputes that could affect the outcome of the suit under governing law will properly preclude the entry of summary judgment." McGinn v. Burlington Northern R.R. Co., 102 F.3d 295, 298 (7th Cir. 1996) (citation omitted). Furthermore, a factual dispute is "genuine" for summary judgment purposes only when there is "sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party." Anderson v. Liberty

Lobby, Inc., 477 U.S. 242, 249, 106 S. Ct. 2505, 91 L. Ed. 2d 202 (1986). Hence, a "metaphysical doubt" regarding the existence of a genuine fact issue is not enough to stave off summary judgment, and "the nonmovant fails to demonstrate a genuine issue for trial 'where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party . . . .'" Logan, 96 F.3d at 978 (quoting Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574, 587, 106 S. Ct. 1348, 89 L. Ed. 2d 538 (1986)).

Outlaw, 259 F.3d at 837.

As required by Local Rule 56.1(a)(3), defendant provides a statement of material facts that he contends are uncontested. Plaintiff has provided a paragraph-by-paragraph response to this statement, as well as a statement of additional facts. See N.D. Ill. Loc. R. 56.1(b). In some of his responsive paragraphs, plaintiff states that he disagrees with certain stated facts and also sets forth additional facts in his statement of additional facts. Such responses do not cite to specific paragraphs of the statement of additional facts nor contain any direct citations to materials supporting a dispute.[2] In many other paragraphs plaintiff responds: "Plaintiff does not dispute the facts in Paragraph __, but sets forth additional facts in [the statement

---

[2]This situation is distinguishable from a response such as that to ¶ 28 which defendant also contends is unsupported by citations to the record. In ¶ 28, plaintiff responds that defendant's stated contention is not supported by defendant's citation to the record. No further citation by plaintiff is required, only an examination of defendant's citation.

- 4 -

of material facts] below." As to the latter type of response, it would have been preferable to have noted which paragraphs below are relevant to the particular paragraph to which the response is directed. However, since plaintiff is already admitting the facts stated in those paragraphs, he was not required to provide any further response. Moreover, the only possible sanction under Rule 56.1 is to treat a fact statement as admitted and plaintiff has already admitted the fact statement is true.

As to the first type of response, plaintiff does fail to cite to specific materials as required by Local Rule 56.1(b)(3)(B) and therefore those paragraphs of defendant's statement could be deemed admitted. N.D. Ill. Loc. R. 56.1(b)(3)(C) (last sentence); Banks v. Archer/American Wire, 2005 WL 2007227 *1 (N.D. Ill. Aug. 17, 2005). While it is within the court's discretion to strictly apply the requirements of Local Rule 56.1, it is also within the court's discretion not to apply them strictly or literally. See Bordelon v. Chicago Sch. Reform Bd. of Tr., 233 F.3d 524, 527 (7th Cir. 2000); Flory v. Mays, 2007 WL 4232781 *3 (N.D. Ill. Nov. 26, 2007); Winters v. Walsh Constr. of Ill., 2007 WL 2848403 *1 (N.D. Ill. Sept. 20, 2007). The present motion does not involve a complicated fact situation. Adequately supported facts in plaintiff's statement of additional facts will not be ignored solely because plaintiff

failed to include specific citations within his response to defendant's statement of facts.

It is also noted that many of defendant's responses to plaintiff's statement of additional facts are deficient. Defendant often cites to his unverified Answer to the Complaint. A party's own unverified answer is insufficient factual support on a motion for summary judgment. Industrial Specialty Chem. v. Cummins Engine Co., 918 F. Supp. 1173, 1175 (N.D. Ill. 1996); United States v. Mergerson, 2001 WL 1609356 *2 n.1 (N.D. Tex. Dec. 13, 2001). Moreover, even if the unverified Answer were sufficient to support a genuine factual dispute, it would not matter. On defendant's summary judgment motion, any genuine factual disputes must be resolved in plaintiff's favor. To the extent plaintiff's testimony at his deposition is sufficient support for a particular factual contention that favors plaintiff, it does not matter whether defendant can point to evidence that is contrary to that fact. See Payne v. Pauley, 337 F.3d 767, 778-79 (7th Cir. 2003).

> Plaintiff's excessive force claim, because it arises in the context of a seizure of a free citizen, is governed by the Fourth Amendment's reasonableness standard. Graham v. Connor, 490 U.S. 386, 394-95, 109 S. Ct. 1865, 1871, 104 L. Ed. 2d 443 (1989); see also Brosseau v. Haugen, 543 U.S. 194, 197, 125 S. Ct. 596, 598, 160 L. Ed. 2d 583 (2004) (per curiam). The force employed by a police officer is deemed excessive if, in light of the totality

>of the circumstances, it was greater than was
>reasonably necessary to effectuate the seizure.
>Payne v. Pauley, 337 F.3d at 778 (quoting
>Lester v. City of Chicago, 830 F.2d 706, 713
>(7th Cir. 1987)). To assess the degree of force
>that was justified, a court considers the
>severity of the crime for which the plaintiff was
>being detained or arrested, whether he posed a
>threat to the safety of the officers or to other
>persons, and whether the plaintiff was resisting
>the officers and/or attempting to flee. Graham,
>490 U.S. at 396, 109 S. Ct. at 1872. We examine
>the facts as they would have appeared to a
>reasonable officer on the scene, ibid., keeping
>in mind that an officer often must make a
>split-second judgment based on rapidly evolving
>circumstances, id. at 396-97, 109 S. Ct. at 1872;
>Abdullahi v. City of Madison, 423 F.3d 763, 768
>(7th Cir. 2005); Lawrence v. Kenosha County,
>391 F.3d 837, 843 (7th Cir. 2004).

Holmes v. Village of Hoffman Estate, 511 F.3d 673, 685 (7th Cir. 2007). The inquiry is an objective one based on all the facts and circumstances the officer would have been aware of at the time the force was employed, and without regard to the officer's intent or motivation. Graham, 490 U.S. at 397; Muhammed v. City of Chicago, 316 F.3d 680, 683 (7th Cir. 2002); Palmquist v. Selvik, 111 F.3d 1332, 1339-40 (7th Cir. 1997) (quoting Sherrod v. Berry, 856 F.2d 802, 805 (7th Cir. 1988)); Tidwell v. Teneyuque, 2002 WL 252601 *2 (N.D. Ill. Feb. 21, 2002); Munley v. Carlson, 125 F. Supp. 2d 1117, 1119-20 (N.D. Ill. 2000).

"[P]olice officers do not have the right to shove, push, or otherwise assault innocent citizens without any provocation whatsoever." Chelios v. Heavener, ___ F.3d ___, 2008 WL 746842

*10 (7th Cir. March 21, 2008) (quoting Clash v. Beatty, 77 F.3d 1045, 1048 (7th Cir. 1996)); Payne, 337 F.3d at 780 (same). Where a citizen is cooperating, not resisting, and objectively represents no significant threat, uses of force that do not cause permanent injury can still be excessive. See Chelios, ___ F.3d at ___, 2008 WL 746842 at *10; Morfin v. City of East Chicago, 349 F.3d 989, 1005 (7th Cir. 2003); Payne, 337 F.3d at 779-80.

Even if the force defendant used is determined to be excessive, defendant contends he is entitled to qualified immunity. At the time of plaintiff's arrest, it was clearly established a police officer may not use excessive force in effecting an arrest. Holmes, 511 F.3d at 687. Defendant, though, would still be entitled to qualified immunity unless (a) there is a closely analogous case establishing plaintiff's right to be free from the type of force defendant used or (b) the force used was so plainly excessive that, as an objective matter, defendant would have been on notice that using such force would violate the Constitution. Chelios, ___ F.3d at ___, 2008 WL 746842 at *10 (quoting Clash, 77 F.3d at 1048). "Establishing that the use of force in a particular case was 'so plainly excessive' requires a fair amount of factual development. Thus, 'if the facts draw into question the objective reasonableness of the police action under the alleged circumstances, they must be

developed in the district court before a definitive ruling on the defense can be made.'" Id.

Other than submissions establishing the identity of the police officers involved in the incident, the only evidence presented that may appropriately be considered on summary judgment is the deposition of plaintiff. There is no deposition testimony, affidavit, or declaration from defendant or any of the other officers that were present during the incident. Therefore, in viewing the factual scenario from defendant's perspective, reasonable inferences must be drawn from plaintiff's testimony regarding what defendant may have seen upon arriving at the scene. Such inferences must be viewed in the light most favorable to plaintiff. While the parties submit evidence regarding what brought plaintiff to the intersection, that evidence is irrelevant since defendant did not know such information prior to plaintiff being pulled from the vehicle. The facts leading up to the incident could only be relevant to plaintiff's credibility regarding what occurred when and after defendant arrived or to show what condition plaintiff may have been in when defendant first saw him. There is nothing in these facts that takes away from plaintiff's credibility. Prior to the incident, he had been at a party at a teen club where no alcohol was served. There is no evidence that plaintiff was inebriated, smelled of alcohol, was high on any illegal substance, or

otherwise in a condition that would have made defendant additionally wary of dealing with plaintiff.

Since nothing is presented from the police officers or police records, there is also no evidence that dispatchers provided information to defendant that would have made him additionally wary when approaching plaintiff's vehicle. Drawing all reasonable inferences and resolving all genuine factual disputes in plaintiff's favor, the facts assumed to be true for purposes of ruling on plaintiff's summary judgment motion are as follows.

Sometime between 11:00 and 11:30 p.m. on March 5, 2007, plaintiff was in the driver's seat of a van that was stuck in the middle of the intersection of Adams Street and Homan Avenue in Chicago. The intersection was wide enough that there was space on both streets to get past plaintiff's van. Loud music was blaring from the van. Plaintiff and six of his friends were inside the van dancing. Plaintiff was stuck in the intersection because there were approximately 60 people dancing and mingling in the area, including in the street around plaintiff's van.[3] Plaintiff's van had no license plate.

---

[3]Plaintiff's testimony is ambiguous regarding whether the people were blocking his ability to move the van or if he had simply stopped in the middle of the intersection. Since the former is more favorable to plaintiff, that is what will be assumed to be true for purposes of summary judgment.

Six or more police cars arrived at the intersection. One police car had Officer Cano and Officer Lawrence Darko inside.[4] Their car was proceeding north on Homan with its blue lights flashing. Plaintiff saw the police car coming and attempted to move out of the intersection. However, he instead hit the rear of the police car, slightly denting its rear bumper. The police car stopped, but not blocking plaintiff's van. Plaintiff put the van in park.

Both officers approached the van, with Darko in front.[5] Plaintiff took his hands off the steering wheel and put them in the air. Both officers had their guns drawn and stuck them in the driver's window of the van. One or both officers told plaintiff to put his hands up, but his hands were already up. Plaintiff was told to get out of the car, but when he lowered his hands to do so, he was again told to raise his hands, which he

---

[4] At the time of his deposition, plaintiff was unsure of the officers' names. His testimony refers to a Black officer (Darko) and a White officer (Cano). Plaintiff subsequently attended Cano's deposition and now provides an affidavit identifying Cano as the White officer. The parties agree that Darko was the Black officer. Today's opinion will refer to the officers by their names, not by their race as plaintiff does during his deposition.

[5] Since there is no testimony to that effect, it need not be assumed that, during the few minutes between the collision and plaintiff being pulled from the van, Cano noticed that the van had no plates. It is also true that plaintiff had no driver's license or automobile insurance, but he was not questioned about that before being pulled from the van.

did. Darko was just outside the van with the inside of the driver's door against his back. Darko started pulling on plaintiff to get him out of the van, but not in a way that would have allowed plaintiff to step on the running board and avoid falling. Plaintiff was not resisting leaving the van, but was trying to maneuver so he could step on the running board on the way out. Before plaintiff could get his foot in position, Cano reached around Darko, grabbed plaintiff by the shirt, and yanked hard. Cano's forceful yank caused plaintiff to be pulled outward and hit his forehead on the doorframe. Plaintiff started bleeding and felt like passing out, but did not. Plaintiff was then handcuffed and eventually released without further incident nor any charges being brought.

Viewed from Cano's perspective, he arrived with a large crowd in the street and plaintiff's van in the intersection. There is, however, no evidence that the crowd was violent or threatening and there was a large contingent of police. There is nothing to indicate that the police presence was insufficient for crowd control purposes. As Cano and Darko approached the van, Cano would have been aware that this van had hit his police car. However, it can be inferred that it was a mild collision since the police car was only slightly damaged and there is no evidence that the van sustained any damage. The van had loud music blaring and a window through which it could be seen others were

inside. Cano, though, would have been aware that plaintiff had voluntarily stopped the van and had his arms raised and off the steering wheel. Cano did not allow plaintiff the opportunity to cooperatively leave the van, instead choosing to quickly grab plaintiff and forcefully pull him in a way that caused plaintiff's head to be injured.

On the limited presentation before the court, a reasonable finder of fact could find that the force used was excessive. Cano's police car had been mildly hit, which would objectively raise some concern on an officer's part. However, there is no indication of a threat of violence from plaintiff or any others in the area. Plaintiff was raising his hands to show he was unarmed and making no threat. Plaintiff was not refusing to cooperate with getting out of the van. Without allowing plaintiff an opportunity to cooperatively get out of the van, Cano grabbed plaintiff and unnecessarily used force to remove plaintiff from the van. That force caused a head injury to plaintiff. While there is no evidence of a permanent injury, plaintiff did bleed and felt faint. This may be one of those situations where the arrestee offers no or little resistance, but the officer precipitously uses injurious force that was unnecessary to subdue the arrestee. Cf. Morfin, 349 F.3d at 1005 (plaintiff was docile and cooperative, did not resist arrest in any way, and stated he would go peacefully, but officers

nevertheless twisted his arm, shoved him into a wall, and took him to the floor). Prior to March 2007, it was clearly established that Cano's use of force in this situation would violate the Constitution. Cano is not entitled to qualified immunity. See Payne, 337 F.3d at 779-80; Chelios, ___ F.3d at ___, 2008 WL 746842 at *10. The motion for summary judgment will be denied.

IT IS THEREFORE ORDERED that defendant's motion for summary judgment [29] is denied. In open court on May 14, 2008 at 11:00 a.m., the parties shall submit an original and one copy of a final pretrial order in full compliance with Local Rule 16.1 and Local Rule Form 16.1.1, including trial briefs, proposed voir dire questions, motions in limine with supporting briefs, and proposed jury instructions.

ENTER:

*William T. Hart*
UNITED STATES DISTRICT JUDGE

DATED: MARCH 27, 2008